**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CARMEN ANDRADE, et al.,

                        Plaintiffs,        **MEMORANDUM**
                                                            **AND ORDER**
        - against -

                                                            08-CV-1640 (KAM) (JO)
DAVID REITER, et al.,

                        Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       I write to address three separate pending motions.

       1.    <u>David Reiter's Motion To Dismiss</u>.  On September 9, 2008, defendant David Reiter ("Reiter"), appearing *pro se*, filed a motion to dismiss the Second Amended Complaint. Docket Entry ("DE") 18.  Despite the significant jurisdictional issues discussed in that motion, the plaintiffs have entirely ignored it.  I will permit the plaintiffs a final opportunity to respond in writing no later than November 3, 2008; in the absence of a timely response, I will respectfully recommend that the court grant the motion as unopposed.  In doing so, I will consider the extent to which the arguments made on behalf of the individual defendant may also reveal a jurisdictional defect with respect to the unanswered claims against corporate defendant Remarkable Foods, Inc. ("RFI"), which has yet to appear in this litigation.

       2.    <u>The Motion For Admission *Pro Hac Vice*</u>.  On October 30, 2008, Reiter – who is not an attorney – moved to appear *pro hac vice*; although the notice of motion did not explicitly state that he sought to represent corporate defendant RFI, his proposed order did do so.  DE 19.[1]

---

[1] On October 29, 2008, after attempting unsuccessfully to file the motion in person at the Clerk's office, Reiter appeared at my chambers to attempt to file the papers directly with me.  I did not discuss the substance of the case with him, but instructed him to send to chambers any motion he wished to file.  Once he did so, I had the papers filed on the electronic docket.

Counsel for the plaintiffs submitted a letter in opposition the same day. DE 21. I am constrained to deny the motion because the rules of this court plainly make Reiter ineligible for such admission:

> A member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion and upon filing [a certificate of good standing from each jurisdiction of admission]. Only an attorney who has been so admitted or who is a member of the bar of this court may enter appearances for parties ....

Local Civil Rule 1.3(c). Reiter is not an attorney, and therefore may not appear on behalf of RFI.

3. <u>RFI's Motion To Dismiss</u>. At the same time that he filed his motion for admission *pro hac vice*, Reiter also purported to file a motion on behalf of RFI seeking to dismiss the Second Amended Complaint. DE 20. Notwithstanding his continuing failure to respond to the procedurally proper motion to dismiss that Reiter had earlier filed on his own behalf, the plaintiffs' counsel lost no time to respond to the motion on behalf of RFI: he included a perfunctory opposition to that motion as well in the same letter filed in opposition to the motion for admission. DE 21.

To the extent the plaintiffs' counsel opposes the motion on the ground that an individual cannot appear on behalf of a corporate party – an observation I have already made on the record in this case, *see* DE 16 (citing *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir 2006) – he is correct but slightly misses the point. The precise procedural defect with RFI's motion is not that Reiter filed it, but rather that it was not "signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Because it is not so signed, and because the omission cannot be "promptly

2

corrected after being called to the ... party's attention" due to the fact that RFI has no counsel of record and is not capable of appearing without such representation, I "must strike" the motion. *Id*. I note that in striking the motion as the rule requires, I am explicitly not denying the motion on the merits. To the contrary, if and when the plaintiffs ever move for a default judgment against the non-appearing RFI – and in the absence of such a motion after the case has lain dormant for so long, the court may well wish to consider dismissing the claim against RFI for failure to prosecute – the court will still have an independent obligation to satisfy itself that the plaintiffs state a viable claim against that defendant. Whether the plaintiffs can make such a showing is a question for another day.

**SO ORDERED.**

Dated: Brooklyn, New York
October 30, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge